UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DIAZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　　Respondent. | Case No. 5:19-cv-01408-PA-MAA<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

　　　On July 31, 2019, the Court received and filed Petitioner Christian Diaz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ("1408 Petition," ECF No. 1.) On the same date, the Court received in a different envelope and filed a virtually identical copy of the 1408 Petition, which copy was processed as a case-initiating petition separate from the 1408 Petition. *See* Petition, *Diaz v. Frauenheim*, No. 5:19-cv-01415-PA-GJS, ECF Nos. 1 to 1-5 (C.D. Cal. filed July 31, 2019) ("1415 Petition"). In other words, these two copies of the same petition began parallel proceedings in two separate cases.[1]

---

[1] A subsequent filing from Petitioner, a letter directed to the Clerk of the Court requesting an extension of time, initiated a third case. Request for Extension of

On September 20, 2019, Respondent Scott Frauenheim filed a motion to dismiss this action as duplicative of the concurrently filed action. (ECF No. 9.) Petitioner did not respond to the Motion within the time permitted for response. Meanwhile, in the parallel litigation, Petitioner responded to the Court's order to show cause why the 1415 Petition should not be dismissed as untimely. Response to: Possible Dismissal for Untimeliness, *Diaz v. Frauenheim*, No. 5:19-cv-01415-PA-GJS, ECF No. 5 (C.D. Cal. filed Sept. 9, 2019).

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation" and to control their dockets. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1977) (en banc)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* The test for determining whether a suit is duplicative borrows from the test for claim preclusion: "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

The 1408 Petition and the 1415 Petition are duplicative of one another because they are virtually identical;[2] they contain the same causes of action, relief sought, and parties. Nothing in the Court's records indicate that Petitioner intended

---

Time for Federal Habeas Corpus, *Diaz v. Frauenheim*, No. 5:19-cv-01441-PA-GJS (C.D. Cal. filed Aug. 2, 2019).

[2] The copy of the 1408 Petition uploaded to the Court's electronic case management system omits a page included in the 1415 Petition and in the original 1408 Petition on file with the Court. *See* 1415 Petition, ECF No. 1-5, at 36.

2

to initiate two actions by submitting two copies of his habeas petition to the Court; instead, the Court presumes that the duplicate copy was submitted in an effort to comply with the Court's Local Rules. *See* C.D. Cal. L.R. 11-4.1.2 ("All paper documents filed manually with the Clerk, including all exhibits to documents, must be accompanied by one clear, conformed, and legible copy for the use of the judge."). Accordingly, maintaining two parallel cases does not seem to be Petitioner's intent. Moreover, Petitioner's interests align with those of Respondent and the Court, as all will save time and resources by litigating Petitioner's claims together at once. Proceeding in one action would reduce confusion and the likelihood of incongruous procedural and substantive decisions by the two Magistrate Judges to whom the two cases were referred. Given that Petitioner has indicated an intent to prosecute the 1415 Petition by responding to the Court's order to show cause in that action, closing this case and proceeding in the parallel case is appropriate.

Weighing the equities, the Court determines that this action should be dismissed in favor of the concurrently-filed action, No. 5:19-cv-01415-PA-GJS. Consequently, this action is **DISMISSED WITHOUT PREJUDICE** to litigating the habeas petition in the concurrently-filed action. Respondent's motion to dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: November 12, 2019

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

3

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE